|   |   |   |
|---|---|---|
| 1 | **UNITED STATES DISTRICT COURT** | |
| 2 | **DISTRICT OF OREGON** | |
| 3 | **EUGENE DIVISION** | |

```
 1                    UNITED STATES DISTRICT COURT
 2                        DISTRICT OF OREGON
 3                         EUGENE DIVISION
 4
 5  UNITED STATES OF AMERICA,      )
                                   )
 6             Plaintiffs,         )   No. 06:12-cr-00578-HU
                                   )
 7  vs.                            )
                                   )   ORDER ON MOTION TO DISMISS
 8  RICHARD L. OBERDORFER,         )
                                   )
 9             Defendant.          )
                                   _____
10
11
12  S. Amanda Marshall
    United States Attorney
13  Neil J. Evans
    Assistant United States Attorney
14  1000 S.W. Third Avenue, Suite 600
    Portland, OR 97204-2902
15
         Attorneys for Plaintiffs
16
17  Brian L. Michaels
    259 E. Fifth Avenue, Suite 300-D
18  Eugene, OR 97401
19       Attorney for Defendant
20
21
22
23  HUBEL, United States Magistrate Judge:
24       In a single-count Information filed October 31, 2012, the
25  Government charges that the defendant Richard L. Oberdorfer
26  "constructed and maintained a structure and placed communications
27  equipment on Forest Service land without authorization, all in
28  violation of [36 C.F.R. §] 261.10(a)."  Dkt. #1.  The Information
```

1 - ORDER ON MOTION TO DISMISS

expressly limits the time frame of the alleged conduct to the period "[f]rom August 28, 2012, through September 8, 2012." *Id.*

The code section Oberdorfer allegedly violated prohibits:

> Constructing, placing, or maintaining any kind of road, trail, structure, fence, enclosure, communication equipment, significant surface disturbance, or other improvement on National Forest System lands or facilities without a special-use authorization, contract, or approved operating plan when such authorization is required.

36 C.F.R. § 261.10(a).

The case came on for trial before the undersigned on Friday, March 8, 2013. At that time, Oberdorfer made an oral motion to dismiss the case on double jeopardy grounds. The court continued the trial, and directed the parties to brief the double jeopardy issue. The parties have done so, *see* Dkt. ## 30, 32, 33, 34 & 35, and the court heard oral argument on the motion on April 19, 2013. Having considered the parties arguments and authorities, I now **deny** Oberdorfer's motion to dismiss for the reasons discussed below.

### *DISCUSSION*

There has been substantial civil litigation between the Government and Oberdorfer's company, Western Radio Services, Inc. ("WRS"), for several years, all relating to WRS's activities. WRS has communications leases with the National Forest Service for the operation of numerous communications towers on National Forest System lands. These facilities include a communications tower on Walker Mountain in the Deschutes National Forest. In the fall of 2010, WRS constructed a second tower and made other modifications to its facilities at the Walker Mountain site. Those activities

led the Government to file a civil action against WRS, claiming, *inter alia*, that the second tower and other improvements were not authorized, and WRS's actions constituted trespass. *See United States v. Western Radio Services Co.*, No. 03:11-cv-00638-SI (the "civil case").

On May 23, 2012, the Government filed a motion for partial summary judgment in the civil case, on its claim of trespass. Dkt. #94 in the civil case. On June 29, 2012, the Government filed a second motion for partial summary judgment, this one on its claim for breach of contract. Dkt. #108 in the civil case. On August 29, 2012, Judge Michael Simon issued an Opinion and Order in the civil case, granting both of the Government's motions for summary judgment on the issue of liability, and also granting the Government's oral motion, made at oral argument, to dismiss its claim of negligence *per se*. Dkt. #148 in the civil case. Among other things, Judge Simon found WRS had "breached two provisions of the parties' lease by not obtaining formal authorization for the new construction and by not submitting detailed construction plans before starting construction." *Id.*, p. 5; *see id.*, pp. 5-10. On the trespass issue, Judge Simon found WRS's failure to obtain formal authorization before proceeding to build the second tower and make other modifications to the Walker Mountain site "exceeded the Forest Service's consent to use of the land and constitute[d] trespass." *Id.*, p. 11.

The present criminal action relates to Oberdorfer's activities on the Walker Mountain site for the time period from August 28 through September 8, 2012. The Government claims that four days after attending oral argument on its motions for summary judgment

3 - ORDER ON MOTION TO DISMISS

in the civil case, "Oberdorfer personally continued construction and placed communications equipment on the unauthorized tower" on Walker Mountain. Dkt. #19, p. 3. The Government further claims that "[d]ays after entry of summary judgment for the United States on both trespass and breach of lease [in the civil case], defendant Oberdorfer placed more communications equipment on the unauthorized tower." *Id.*, pp. 3-4. The Government asserts, "It is this activity that is the subject of this prosecution." *Id.*, p. 4.

The issue of appropriate remedies is still outstanding in the civil case. The Government has asked Judge Simon to award costs under the lease agreement in the amount of $22,214.64, representing "personnel time and costs, plus additional time and costs addressing other proposed projects complicated by Western Radio's actions." Dkt. #207 in the civil case, p. 5. In addition, the Government has asked Judge Simon to require WRS to post a $65,000 bond to ensure removal of the tower. *See* Dkt. #30, p. 6 & n.2; Dkt. #32, p. 8.

The crux of Oberdorfer's motion to dismiss is his contention that the monetary damages sought by the Government in the civil case are not simply "damages"; they are, in fact, "punitive in purpose and result," intended to "punish Mr. Oberdorfer." Dkt. #30, pp. 5, 6. Oberdorfer claims he and WRS are virtually the same, noting he is the sole owner of WRS's assets, and, "[a]s one and the same, they are the very definition of privity." Dkt. #33, p. 6. At oral argument, Oberdorfer argued his actions underlying the Information are part of one continuous stream of events which is already the subject of the civil case. He theorizes that because the civil case is punitive in purpose and effect, it

4 - ORDER ON MOTION TO DISMISS

therefore is criminal in nature, barring separate prosecution for the same conduct. *See* Dkt. #30, pp. 4-5. He further argues, at some length, that the Government cannot show it has suffered any actual harm from erection of the new communications tower, which Oberdorfer claims he erected "to prevent the collapse of his previous tower, similar in make, model, and construction to [a different] Forest Service tower that had recently collapsed under the weight of whether [sic] and ice." *Id.*, p. 4. He reasons that because the Government cannot show any actual harm it has suffered, the actual purpose of the civil case must be to punish him, rather than to obtain an actual remedial outcome. Oberdorfer maintains that removal of the new communications tower would be prohibitively expensive as well as hazardous. He claims the statutory scheme is "'so punitive either in purpose or effect as to transform what was clearly intended as a civil remedy into a criminal penalty.'" *Id.* (quoting *United States v. Reveles*, 660 F.3d 1138, 1140 (9th Cir. 2011), in turn quoting *Hudson v. United States*, 522 U.S. 93, 99, 118 S. Ct. 488, 493, 139 L. Ed. 2d 450 (1997)).

Oberdorfer's novel argument is not supported by the law or the facts. We begin with the purpose of the Fifth Amendment's prohibition against double jeopardy, which "'protects against being punished twice for a single criminal offense.'" *United States v. Brooks*, 610 F.3d 1186, 1194 (9th Cir. 2010) (quoting *United States v. Davenport*, 519 F.3d 940, 943 (9th Cir. 2008)). In the case where "the same act constitutes a violation of two different statutes, the test to determine whether punishment for both offenses may be imposed is whether each provision requires proof of a fact which the other does not. . . . The elements of the

offenses are determinative, even if there is a substantial overlap in their proof." *Id.* (internal quotation marks, citations omitted). The courts distinguish "between an act continuous in its character" - as Oberdorfer urges here - "and a case where the statute is aimed at an offense that can be committed [all at once]." *Blockburger v. United States*, 284 U.S. 299, 302, 52 S. Ct. 180, 181, 76 L. Ed. 306 (1932) (internal quotation marks, citation omitted); *see Brooks, supra*.

Notably, "the Double Jeopardy Clause does not prohibit the imposition of all . . . sanctions that could, in common parlance, be described as punishment. . . . The Clause protects only against the imposition of multiple *criminal* punishments for the same offense, . . . and then only when such occurs in successive proceedings." *Hudson v. United States*, 522 U.S. 93, 98-99, 118 S. Ct. 488, 493, 139 L. Ed. 2d 450 (1997) (internal quotation marks, citations omitted; emphasis in original). Oberdorfer's reliance on *Hudson* in this case is misplaced. The civil case does not involve any "civil penalty" of the type analyzed by the *Hudson* court; indeed, these two cases do not involve two separate criminal punishments at all. The civil case involves a garden-variety contract claim for WRS's breach of its lease agreement, and a claim against WRS for the common-law tort of trespass. The civil case arose from WRS's actions that took place in 2010. In contrast, the present criminal action is based on Oberdorfer's actions in August and September of 2012 - actions that had not even taken place at the time the Government filed the civil case against WRS. The two cases involve distinctly different facts and law.

It is true that in some cases, the Government may act improperly in conducting parallel civil and criminal investigations. "[T]he government may act in bad faith if it brings a civil action solely for the purpose of obtaining evidence in a criminal prosecution and does not advise the defendant of the planned use of evidence in a criminal proceeding." *United States v. Stringer*, 535 F.3d 929, 936-37 (9th Cir. 2008) (citing *United States v. Kordel*, 397 U.S. 1, 11, 12-13, 90 S. Ct. 763, 767-70, 25 L. Ed. 2d 1 (1970)). However, there is no indication here that the Government conducted its investigation of WRS's 2010 construction of the communications tower for the purpose of later filing a criminal action against Oberdorfer. To belabor the point, Oberdorfer's allegedly criminal acts had not even taken place at the time the Government's dispute with WRS arose. Indeed, the Government notes Oberdorfer's actions that form the basis of the criminal case "occurred after 20 plus months of no construction activity and completion of discovery and filing of dispositive motions in the civil action." Dkt. #32, p. 6.

Oberdorfer also attempts to draw a distinction between the Government's claims in the civil case and typical trespass cases. At oral argument, Oberdorfer argued that in a typical trespass case, the trespasser has no right to be on the land at all. In contrast, here, Oberdorfer has had a right to be on the property in question for over thirty years. He claims the only real dispute is whether he followed the proper procedures before erecting the new communications tower. He asserts that all he has done is improve the way his business operates by preventing a weaker tower from falling under the weight of the weather. Notably, Judge Simon

7 - ORDER ON MOTION TO DISMISS

rejected this argument in ruling on the Government's summary judgment motions in the civil case. He held WRS's "failure to obtain advance approval for its construction [was] not a mere technical mistake." Dkt. #148 in the civil case, p. 12.

Oberdorfer continues to argue that what the Government is proposing in the civil case is punitive and not remedial. At oral argument, he advanced the argument that if, in the civil case, Judge Simon orders him to remove the first, inferior tower, that would constitute a "remedy," whereas if he is ordered to take down the new, superior tower, that would be a "punishment." None of the authorities Oberdorfer cites supports such an illogical conclusion.

Simply stated, Oberdorfer's argument, though creative, is unpersuasive. As Justice Stevens noted in his concurrence in the *Hudson* judgment, "it would be difficult to find a case raising a double jeopardy claim that would be any easier to decide than this one." *Hudson*, 522 U.S. at 108, 118 S. Ct. at 497 (Stevens, J, concurring). From the straightforward application of well-established double jeopardy principles to the facts of this case, it is clear that the criminal prosecution of Oberdorfer for the actions charged in the Information does not violate the Double Jeopardy Clause.

Oberdorfer also advances arguments based on collateral estoppel, *res judicata*, and privity. None of those arguments is even remotely persuasive, and I find it unnecessary to discuss their merits here. While Oberdorfer is clearly in privity with WRS, there is nothing else contained in Oberdorfer's collateral estoppel or *res judicata* discussion which supports dismissal of the Information.

In conclusion, Oberdorfer's motion to dismiss the Information on double jeopardy grounds is **denied**.

IT IS SO ORDERED.

Dated this 24th day of April, 2013.

/s/ Dennis J. Hubel

_____
Dennis James Hubel
Unites States Magistrate Judge