IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | 6:12-CR-00578-BR |
| **Plaintiff,** | ORDER |
| **v.** | |
| **RICHARD L OBERDORFER,** | |
| **Defendant.** | |

**S. AMANDA MARSHALL**
United States Attorney
**NEIL J. EVANS**
Assistant United States Attorney
1000 S.W. Third Avenue
Suite 600
Portland, OR  97204
(503) 727-1000

      Attorneys for Plaintiff

**BRIAN L. MICHAELS**
259 East Fifth Avenue
Ste 300-D
Eugene, OR 97401
(541) 687-0578

      Attorney for Defendant

1 - ORDER

**BROWN, Judge.**

This matter comes before the Court on Defendant Richard Oberdorfer's Notice (#74) of Appeal to District Court from Judgment of Magistrate. For the reasons that follow, the Court **STAYS** Defendant's appeal to this Court pending a decision by the Ninth Circuit Court of Appeals on Defendant's Notice (#72) of Appeal.

## BACKGROUND

On October 31, 2012, the government charged Defendant in a single-count Information with "construct[ing] and maintain[ing] a structure and plac[ing] communications equipment on Forest Service land without authorization, all in violation of [36 C.F.R. §] 261.10(a)." The matter was assigned to Magistrate Judge Hubel.

On February 18, 2013, Defendant filed a Motion to Dismiss the Information on the grounds of double jeopardy, "claim splitting," and/or claim preclusion.

On April 24, 2013, Magistrate Judge Hubel issued an Order denying Defendant's Motion to Dismiss on the ground that Defendant's arguments were not supported by the law or the facts.

On May 7, 2013, the government filed a Motion to Certify [Defendant's] Double Jeopardy Claim as Frivolous.

On May 13, 2013, Magistrate Judge Hubel granted the

2 - ORDER

government's Motion to Certify.

On May 6, 2013, Defendant filed a Notice of Interlocutory Appeal with the Ninth Circuit in which Defendant sought to appeal Magistrate Judge Hubel's April 24, 2013, Order denying Defendant's Motion to Dismiss.

On May 13, 2013, the Ninth Circuit entered an order closing Defendant's appeal and transferring the appeal to this Court on the ground that pursuant to 18 U.S.C. § 3402 "[i]n all cases of conviction by a United States magistrate judge an appeal of right shall lie from the judgment of the magistrate judge to a judge of the district court of the district in which the offense was committed."

On May 14, 2013, Magistrate Judge Hubel issued an Order referring Defendant's appeal of the denial of his Motion to Dismiss to this Court.

On May 29, 2013, this Court heard oral argument on Defendant's appeal of Magistrate Judge Hubel's April 24, 2013, Order. At the hearing the Court affirmed Magistrate Judge Hubel's denial of Plaintiff's Motion to Dismiss and the Magistrate Judge's conclusion that Defendant's appeal was frivolous.

On June 18-19, 2013, Magistrate Judge Hubel held a court trial on the Information.

On July 24, 2013, Magistrate Judge Hubel held a hearing to

announce his rulings and decision as to the trial and denied Defendant's Motion in Limine, denied Defendant's Motion to Dismiss for Selective or Vindictive Prosecution, and found Defendant guilty of the offense charged in the Information.

On July 26, 2013, Defendant filed in the Ninth Circuit an appeal of this Court's May 29, 2013, Order affirming Magistrate Judge Hubel's denial of Plaintiff's Motion to Dismiss and affirming the Magistrate Judge's conclusion that Defendant's appeal was frivolous.

On August 5, 2013, Magistrate Judge Hubel entered a Judgment and Conviction sentencing Defendant to 24-months probation, a $500 fine, and a $10 special assessment.

On August 6, 2013, Defendant filed a Notice of Appeal to this Court as to his August 5, 2013, Judgment and Conviction.

## DISCUSSION

As noted, 18 U.S.C. § 3402 provides: "In all cases of conviction by a United States magistrate judge an appeal of right shall lie from the judgment of the magistrate judge to a judge of the district court of the district in which the offense was committed." Federal Rule of Criminal Procedure 58(g)(2)(B) provides: "A defendant may appeal a magistrate judge's judgment of conviction or sentence to a district judge within 14 days of its entry. To appeal, the defendant must file a notice with the

clerk specifying the judgment being appealed and must serve a copy on an attorney for the government."  Accordingly, Defendant's appeal of his Judgment and Conviction is properly before this Court.

As noted, however, Defendant has also appealed this Court's May 29, 2013, rulings to the Ninth Circuit.  It is clear that Defendant's appeal to the Ninth Circuit does not deprive this Court of jurisdiction to hear Defendant's appeal of his Judgment and Conviction.  The Ninth Circuit has made clear that "'an appeal of an interlocutory order does not ordinarily deprive the district court of jurisdiction except with regard to the matters that are the subject of the appeal.'"  *Pauma Band of Luiseno Mission Indians of Pauma & Yuima*, 410 F. App'x 20, 20 (2010)(quoting *Britton v. Co-op Banking Grp.*, 916 F.2d 1405, 1412 (9th Cir. 1990)).  Nevertheless, because the appeal of this Court's May 29, 2013, rulings also involves issues integral to Defendant's conviction, the Court concludes it is improper to consider that appeal until the Ninth Circuit makes its decision.  Accordingly, in the exercise of its discretion, the Court **STAYS** Defendant's appeal of his Judgment and Conviction to this Court until the Ninth Circuit has decided Defendant's appeal of this Court's May 29, 2013, rulings.

## CONCLUSION

For these reasons, the Court **STAYS** Defendant's appeal of his Judgment and Conviction pending a decision by the Ninth Circuit as to Defendant's appeal of this Court's May 29, 2013, rulings.

IT IS SO ORDERED.

DATED this 9th day of September, 2013.

/s/ Anna J. Brown

ANNA J. BROWN
United States District Judge